UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROLANDO DIAZ,

Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF LABOR; STATE INSURANCE FUND,

Defendants.

25-CV-8376 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law, alleging that Defendants discriminated against him on the basis of his race, color, and national origin. By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief and "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff used the Court's Employment Discrimination Complaint form to bring this action against Defendants the New York State Department of Labor ("NYSDOL") and the New York State Insurance Fund ("NYSIF"). Plaintiff identifies himself as "Spani[s]h" and Cuban. (ECF 1 at 3.) He claims that Defendants retaliated against him and violated his rights, but he does not provide facts specifying what occurred. The following information is drawn from attachments to the complaint and subsequently filed documents.[1]

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise. Plaintiff's handwriting is difficult to read, and he appears to use a mix of English and Spanish words.

In 2024, Plaintiff filed actions against Defendants in the New York State Supreme Court, New York County, pursuant to Article 78 of the New York Civil Practice Law and Rules, challenging the denial of his application for unemployment insurance benefits. (*Id.* at 9, 12).

On June 17, 2025, the state court dismissed the matter against the NYSDOL, which was proceeding under Index No. 101373/2024:

> Petitioner filed the instant Article 78 proceeding attempting to compel the [NYSDOL] to award benefits. In support of Petitioner's application to this Court, he attaches a Monetary Determination dated March 29, 2024 denying Petitioner's claim for Unemployment Insurance. The denial stated that Petitioner did not submit required proof of earnings for the claimed periods and instructed Petitioner to attach proof of employment for reconsideration. It also directed Petitioner to submit a copy of his 2022 and 2023 W2/l099 tax documents.
>
> ***
>
> The Court is denying the Petition as it finds that the March 29, 2024 Monetary Determination that Petitioner appeals from is not a final administrative determination, and as such is not ripe for judicial review. Further, even if such were ripe for judicial review, Petitioner does not provide any proof that the required documentation requested in such determination was ever provided to Respondent and fails to provide such to this Court. As such, the Petition must be denied.

(ECF 4 at 10-11.)

On August 6, 2025, the state court transferred the matter against the NYSIF, proceeding under Index No. 100805/2024, to the New York Court of Claims. (ECF 6 at 3-5.)

On February 5, 2026, Plaintiff filed documents in the Appellate Division, First Department, purportedly appealing from decisions issued in Index No. 101373/2024, and Index No. 05807/2025.[2] (ECF 6 at 2-9.)

---

[2] Index No. 05807/2025 may be the case number that was assigned to the matter against the NYSIF after it was transferred to the Court of Claims.

Additionally, Plaintiff filed discrimination complaints against the NYSDOL with the New York State Division of Human Rights and the New York State Attorney General's Office, in 2023 and 2025, respectively. (ECF 1 at 10-11.) In November 2025, Plaintiff's public assistance grant was reduced from $183 per month to $32 per month. That notice of decision explains the process for requesting a fair hearing to challenge the reduction in benefits, but it is not clear whether Plaintiff ever pursued that remedy. (*Id.* at 8).

Plaintiff alleges that Defendants violated "civil law" and "labor law," and he appears to seek money damages. (*Id.* at 6.) On October 1, 2026, Plaintiff submitted a letter in which he asserts that his state-court matters were improperly dismissed "multiple time[s]." (ECF 8 at 1.)

## DISCUSSION

### A. Employment discrimination claims

Title VII provides that

> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an employee who has opposed any practice made unlawful by that statute, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the statute. *Id.* § 2000e-3(a). Title VII only provides for the liability of an employer and other covered entities, such as an employment agency, labor organization, or joint labor-management committee. *See* 42 U.S.C. § 2000e–2; *Mira v. Kingston*, 218 F. Supp. 3d 229, 235 (S.D.N.Y. 2016).

Although Plaintiff used the Court's Employment Discrimination Complaint form and purports to assert a Title VII claim, it is clear that Defendants were never his employers.

Plaintiff's claims arise out of his belief that he was unlawfully denied unemployment insurance benefits. Accordingly, the Court dismisses Plaintiff's Title VII claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

**B. Claims against the NYSDOL and the NYSIF**

The Court construes Plaintiff's claims against the NYSDOL and the NYSIF as arising under 42 U.S.C. § 1983. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* The NYSDOL and the NYSIF are arms of the State of New York and share its Eleventh Amendment immunity. *Lipofsky v. Steingut*, 86 F.3d 15, 17 (2d Cir. 1996) (finding that the NYSIF is an agency of the State of New York and entitled to Eleventh Amendment immunity); *Jackson v. N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218, 225-26 (S.D.N.Y. 2010) (same as to the NYSDOL).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983, s*ee Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Eleventh Amendment therefore bars any Section 1983 claims Plaintiff is asserting against the NYSDOL and NYSI, and they are therefore dismissed.[3] 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[3] While the Eleventh Amendment bars money damages and injunctive relief against states and their agencies, it does not preclude claims under Section 1983 against agency officials, in their official capacities, in which prospective injunctive relief is sought. *Ex parte Young*, 209 U.S. 123, 155-56 (1908). Because Plaintiff does not allege facts suggesting a violation of his

**C. Review of unemployment insurance decisions**

State law establishes procedures for a claimant to seek review of an adverse decision on unemployment insurance benefits. First, several levels of administrative review are available. "A claimant who is dissatisfied with an initial determination of his or her claim for benefits . . . may, within thirty days after the mailing or personal delivery of notice of such determination, request a hearing." N.Y. Lab. Law § 620(1)(a). Where such a hearing is requested, it "shall be held by a referee who shall render his or her decision within five days after the hearing is concluded." N.Y. Lab. Law § 620(3)(b). The decision of a referee "shall be deemed the decision of the appeal board . . . unless an appeal is taken from such decision to the board." *Id.* Within twenty days after the "mailing or personal delivery of notice of the decision of a referee" the claimant may appeal to the appeal board by filing a notice of appeal in the local state employment office. N.Y. Lab. Law § 621. The appeal board may decide the case "on the basis of the record and of evidence previously submitted in such case. . . ., or it may in its discretion hear argument or hold a further hearing, or remand such case to a referee . . . ." *Id.*

Second, review of the final administrative decision is available within the state court system. Within thirty days of "mailing or personal delivery of notice of a decision by the appeal board," an affected party "may appeal questions of law involved in such decision only to the Appellate Division of the New York Supreme Court, Third Department." N.Y. Lab. Law § 624; *see also MacGilfrey v. Pugh*, 217 A.D.2d 888, 889 (3rd Dep't 1995) (noting that judicial review of an Unemployment Insurance Appeal Board ("UIAB") decision via the Appellate Division, Third Department is "the exclusive review procedure" that was "contemplated by the [New York

---

federal constitutional rights, the Court declines to construe the complaint as seeking injunctive relief against any official of the NYSDOL or the NYSIF in his or her official capacity.

State] Legislature," with respect to "direct appeals . . . when claimants are aggrieved after a decision of the" UIAB). Appeal from a decision of the Appellate Division, Third Department may, subject to the same limitations that apply to other civil actions, be taken to the New York Court of Appeals. *Id.* The federal courts thus play no role in reviewing the decisions of the NYSDOL, and this Court cannot hear an appeal from any adverse NYSDOL decision that Plaintiff may have received. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E. Leave to replead, litigation history, and warning**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The exact degree of solicitude that should be afforded to *a pro se* litigant in any given case depends upon a variety of factors,

however, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010).

Since September 2025, Plaintiff has filed seven *pro se* actions in this court. *See Diaz v. Dep't of Homeland Sec.*, No. 25-CV-7273 (S.D.N.Y. filed Sept. 2, 2025) (pending); *Diaz v. NYC Dep't of Housing Section (8)*, No. 25-CV-7771 (LLS) (S.D.N.Y. Oct. 5, 2026) (dismissing complaint with leave to replead for failure to state a claim); *Diaz v. Manhattan Valley LM Apts. LLC*, No. 25-CV-09445 (S.D.N.Y. filed Nov. 12, 2025) (pending); *Diaz v. Dep't of Motor Vehicles*, No. 26-CV-00276 (LTS) (S.D.N.Y. Mar. 6, 2026) (dismissing complaint for failure to timely pay filing fees or submit IFP application), *reconsid. denied*, (S.D.N.Y. Apr. 27, 2026); No. 26-1046 (2d Cir. Sept. 29, 2026) (dismissing appeal as untimely and for lack of jurisdiction); *Diaz v. Chakina*, No. 26-CV-6597 (LTS) (S.D.N.Y. Aug. 25, 2026) (directing Plaintiff to pay the filing fee or file IFP application); *Diaz v. Domestic Violence Agency NYC*, No. 26-CV-6855 (S.D.N.Y. filed Aug. 11, 2026) (pending).

In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants him 30 days' file an amended complaint. Plaintiff should only file an amended complaint if facts exist to support his claims, and he is warned that he could be subject to a filing injunction if he engages in litigation that lacks merit. *See Roberts v. United States*, No. 24-CV-1512 (LTS), 2024 WL 3606708, at *1 (S.D.N.Y. July 29, 2024) (instructing frequent *pro se* litigant that, "before filing any lawsuit, []he must make a good faith investigation into whether []he has a nonfrivolous legal claim," and warning that "[r]epetitive filing of frivolous litigation in this Court could result in" a filing injunction).[4]

[4] The Court has previously alerted Plaintiff to the availability of the services of the City Bar Justice Center (CBJC), which operates the SDNY Federal Pro Se Legal Assistance Project.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), on immunity grounds and for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: October 26, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.